IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROSEMARY CHAVEZ,

    Plaintiff,

v.                                              CASE NO. 1:10-cv-219-SPM-GRJ

LOWE'S HOME CENTER, INC., et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's *pro se* amended complaint (Doc. 5) and Plaintiff's Motions to Proceed *In Forma Pauperis.* (Docs. 2 & 6.)  From a review of the amended complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.  Accordingly, it is respectfully **RECOMMENDED** that the Motions To Proceed *In Forma Pauperis* (Docs. 2 & 6) should be **DENIED** and this case should be **DISMISSED**.

**I. Introduction**

Plaintiff originally filed a complaint on the Court's "Civil Rights Complaint Form To Be Used By Pro Se (Non-Prisoner) Litigants In Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983"  against a former co-worker, John Wayne Edwards. (Doc. 1.) The Court entered an order deferring a ruling on Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2*)* and granting Plaintiff the opportunity to amend her complaint.  (Doc. 4.)  The Court advised Plaintiff that she could not bring suit against an employee of a private corporation under 42 U.S.C. § 1983 because Plaintiff's original complaint did not

contain any allegations that Mr. Edwards had acted pursuant to state authority. (*Id.*) The Court also advised Plaintiff that to the extent her complaint sought to allege a claim for discrimination in employment under Title VII of the Civil Rights Act of 1964 ("Title VII") that she could not sue Mr. Edwards because only an employer and not individual employees can be held liable under Title VII. (*Id.*)

Plaintiff chose to amend her complaint –  and rather than using the Court's Title VII form as suggested by the Court – again filed her amended complaint on the same "Civil Rights Complaint Form To Be Used By Pro Se (Non-Prisoner) Litigants In Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983." (Doc. 5.) In Plaintiff's amended complaint she names as defendants Lowe's Home Center Inc. ("Lowe's") and twelve individual Defendants, each of whom are Lowe's employees, as well as Lowe's outside counsel and several entities which appear to be operating units of Lowe's.

Rather than setting forth specific facts in support of her claims, Plaintiff submitted a typewritten list of 102 named claims.  (Doc. 5 pp. 8-12.)  For example, the list of claims includes, among a broad array of claims, not caring about customers or employees, discrimination, violation of state and federal laws, assault, stealing Plaintiff's notes, contempt of court, extortion, perjury, and playing with Plaintiff's hair. (*Id.*)  There are no facts provided to support of these claims but only a reference in the form to a list of dates when Plaintiff contends there were "lies" made to various state agencies.  Plaintiff lists the state agencies as including  the Florida Commission on Human Relations, the Equal Employment Opportunity Commission, the State of Florida Division of Administrative Hearings, the Florida Department of Children and Family Services and the Florida Agency for Workforce Innovation.  Most notably, however,

Plaintiff alleges in her amended complaint in bold type "This is NOT a discrimination case." and that she is "filing for Personal Injuries caused by Lowe's Home Center Inc." (Doc. 5 pp. 5, 6, 8)(emphasis in original).

## II. Standard of Review

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, 2009 WL 47497, at *1 (S.D. Ala.2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817

F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28 U.S.C. §1915A). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965. In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

### III. Discussion

Plaintiff's amended complaint attempts to bring a host of claims arising under 42

U.S.C. § 1983, Title VII and Florida state law. As discussed below, however, Plaintiff's amended complaint is due to be dismissed because it fails to state a claim for relief under Title VII, under § 1983, and to the extent Plaintiff only intends to bring claims for violation of state law, the Court cannot entertain state law claims because there is not complete diversity of citizenship between Plaintiff and all of the named defendants.

Plaintiff's amended complaint fails to allege a claim under § 1983 for at least two fundamental reasons. First, Plaintiff has sued a private corporation and individuals employed by a private corporation, none of whom constitute state actors for purposes of § 1983. Second, the amended complaint is devoid of any mention of a constitutional right that allegedly was violated.

A successful section 1983 action requires a plaintiff to show that she was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress &

Co., 398 U.S. 144, 152 (1970).  Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. Rayburn, ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff's amended complaint is devoid of any allegations that Lowe's or any of the individually named Defendants acted pursuant to state authority or that any of them is a "state actor" who acted under "color of state law."  While Plaintiff alleges that some of the defendants filed documents with state and federal agencies for the " hostile intention ... [of] assaulting, harassing, depriving, denying, and in ill personal injury to [Plaintiff]," filing allegedly false documents – even with a governmental agency –  does not make the Defendants state actors for purposes of § 1983.  (Doc. 6 p. 5) Accordingly, in the absence of any facts suggesting that Defendants' actions were carried out under color of state law, Plaintiff cannot proceed under § 1983.

Secondly, in order to allege a claim under § 1983 a plaintiff must allege facts supporting a violation of Plaintiff's federal constitutional rights. Again, the amended complaint contains absolutely no mention that any of Plaintiff's constitutional rights were violated.

*Case No: 1:10-cv-219-SPM-GRJ*

Accordingly, Plaintiff's Amended Complaint fails to state a claim for relief under § 1983 and, therefore, to the extent Plaintiff intended to proceed under § 1983 her amended complaint should be dismissed.

To the extent Plaintiff intended to bring a claim under Title VII the Court can summarily dispose of this claim. In addition to the fact that Plaintiff may only sue her employer,[1] and not the employees, for violating Title VII, Plaintiff made her intention abundantly clear in her Amended Complaint that she was not bringing a Title VII discrimination case. Plaintiff unequivocally declared that "This is NOT a discrimination case" and that her suit was "for Personal Injuries caused by Lowe's Home Center Inc." (Doc. 5 pp. 5, 6, 8.)   Accordingly, Plaintiff's Amended Complaint fails to bring a claim for relief under Title VII.

Lastly, to the extent that Plaintiff is attempting to bring state claims for personal injuries based upon assault, extortion, and other state law causes of action these claims cannot be brought in federal court because there is not complete diversity of citizenship between the Plaintiff and each of the named Defendants.  Pursuant to 28 U.S.C. § 1332(a) there must be complete diversity among the parties in order for a federal court to have diversity jurisdiction over an action.  See, e.g., Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994)("Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant.").

---

[1] Although Plaintiff named her employer Lowe's as a defendant, Plaintiff refused to utilize the Court's Title VII form as she was advised to do by the Court in the Court's December 9, 2010 Order. (Doc. 4.)

*Case No: 1:10-cv-219-SPM-GRJ*

Because Plaintiff is a Florida resident and at least ten of the named Defendants[2] are listed with addresses in Florida there is an absence of complete diversity of citizenship and, therefore, the Court does not have subject matter jurisdiction over these claims thus mandating that the Amended Complaint be dismissed.

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that the Motions To Proceed *In Forma Pauperis* (Docs. 2 & 6) should be **DENIED** and this cause should be **DISMISSED** for failing to state a claim for relief, and as to the state law claims, because the Court does not have subject matter jurisdiction over these claims.

At Gainesville, Florida, this 2nd day of May, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] The Amended Complaint does not disclose the citizenship of the corporate Lowe's defendants.  A corporation or other juridical entity is a citizen of the state in which it is incorporated and the state where its principal place of business is located.

*Case No: 1:10-cv-219-SPM-GRJ*